UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ASHLEY MITCHELL, ET AL | CIVIL ACTION NO. 13-cv-3078 |
| VERSUS | JUDGE HICKS |
| NATIONAL CASUALTY CO., ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Ashley Mitchell and Demarcus Terrell ("Plaintiffs") allege that they were leaving a parking lot in a Hyundai Sonata when the driver of a tractor-trailer rig parked nearby backed up and hit the front passenger side of their car. Counsel for Plaintiffs filed a motion to withdraw. The motion did not certify that it was mailed to the clients by certified mail as required by LR 83.2.11, but it was accompanied by copies of letters to each client that advised counsel would be filing a motion to withdraw. The letters noted the trial date and attached a copy of the scheduling order.

The court issued an order (Doc. 17) that granted the motion to withdraw. The order stated that Plaintiffs were "strongly encouraged to retain new counsel" and granted them a month, until October 9, 2014, to either (1) enroll new counsel to represent them in this case or (2) file with the court a written statement that they intend to represent themselves. The order warned: "Failure to take one of those steps prior to October 9, 2014 may result in Plaintiffs' case being dismissed, without further notice, for failure to prosecute." The docket sheet indicates that a copy of the order was mailed to each plaintiff at their respective addresses.

The court provided ample time for Plaintiffs to secure new counsel or indicate their desire to proceed without counsel. The October 9 deadline has passed, but there has been no action of record by either plaintiff or an attorney acting on either's behalf. And neither Plaintiff has taken even the simple step of alerting the court that he or she desires to proceed as a self-represented party. It is unlikely that a plaintiff who is unwilling to take such a simple step is interested enough in his case to comply with the other more serious requirements of litigation. Attempting to proceed further with this action would be a waste of time and resources for the court and other parties. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly;

**IT IS RECOMMENDED** that this civil action be dismissed without prejudice for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of October, 2014.

Mark L. Hornsby
U.S. Magistrate Judge